HEINRICH WOLKE v. CHAS. A. WATTS & Co. and CHAS. A. WATTS, Appellants.

**Vendor and vendee:** DEFAULT: FORFEITURE: NOTICE. Proceedings
1　to effect the forfeiture of a right must be strictly pursued, and a
notice of forfeiture of a land contract under the Minnesota statute
where both the contract and notice misdescribe the land, is of no
avail.

**Reformation of instruments.** Failure to decree reformation of a con-
2　tract, where the property to be conveyed has been disposed of to
another, is not error, a money judgment being the only available
remedy.

*Appeal from O'Brien District Court.*— HON. WM. HUTCH-
INSON, Judge.

SATURDAY, OCTOBER 22, 1904.

ACTION for damages for failure to perform contract for
sale of land. From judgment as prayed, defendants appeal.
— *Affirmed.*

*O. H. Montzheimer,* for appellants.

*Wilbur Owen,* for appellee.

LADD, J.— On June 4, 1898, the defendants contracted
to sell the plaintiff 160 acres of land in Nobles county,
Minn., described as the S. W. ¼ of section 14, in township
102 north, of range 41 west of the 5th P. M.,
for the sum of $3,040, on which $405.25 was
paid in cash and $394.75 to be paid September
1, 1898, $240 January 1, 1899, $250 March 1, 1899,
and the same amount on the 1st of March of each succeed-
ing year until all the purchase price had been paid. By mis-
take the number of the township was inserted as 103. The

*1. VENDOR AND
VENDEE: de-
fault; forfeit-
ure; notice.*

additional sum of $160 was paid September 12, 1898. An agreement was indorsed thereon February 17, 1899, extending the time of payments till March 15, 1899. As nothing was paid, the defendants undertook to forfeit the contract in May of that year. The statute of Minnesota prohibited forfeiture save upon notice to the vendee or purchaser " stating that such default has accrued, and that the contract will be canceled or terminated, and shall recite in said notice the time when said cancellation or termination shall take effect, which shall not be less than thirty days after service of such notice." This notice was duly served, but described the land as in township 103. The plaintiff began this action in November following to recover the amounts by him paid on the contract and damages, alleging as a ground therefor that the defendants had never owned the land described in the contract, and had at all times been unable to convey the same. Up to this time the defendants were unaware of the mistake in the description, and in their answer prayed that it and the notice of forfeiture be so corrected as to properly describe the tract sold. In the reply plaintiff admitted the mistake in the contract ascertained for the first time from the answer, and joined in the prayer for its reformation.

It will be observed that to the original claim the defendants could interpose no defense at law, as they never owned the land in township 103 as described in the contract, and therefore had not been in a situation to declare a forfeiture because of plaintiff's omission to make the payments as stipulated for something they could not sell. Of necessity, they resorted to the equity side for aid. This, however, can prove of no avail. Of course, the contract may be reformed as prayed, but, as thus corrected, it merely expressed the real agreement of the parties from the beginning. There was in fact no sale at all of land in township 103, and the notice of forfeiture as served did not designate property in which the plaintiff was interested. Possibly the

notice, as contended, might have been sufficient had it omitted the description of the tract the sale of which was to be forfeited.    It is not necessary to determine that question. The particular land is the subject-matter of the contract and of the procedure to forfeit, and when the notice undertakes to designate the very parcel intended the description of another and different one than covered by the contract is necessarily fatal to the result sought.    There was in fact no sale at all of land in township 103.    The contract, from its inception, was to convey land in township 102, and a notice of forfeiture of land situated elsewhere was insufficient. Proceedings to effect a forfeiture are to be pursued strictly, and, even though a notice may comply with the statute without designating the particular tract of land intended, yet if it in fact describe an entirely different parcel it ought not to be regarded as sufficient.    Such an error involves the subject-matter of the proceedings, and it will not do to say that a mistake is without prejudice.    Proceedings to effect the forfeiture of a right, as said, are to be strictly pursued, and for this reason it is unnecessary to indulge in speculation as to whether plaintiff must have understood from the notice that the land purchased by him from Watts & Co. was intended.    Oral advice might have furnished information, and yet no one would contend it would have been sufficient notice.

Some exception is taken to the omission of the court to formally decree a reformation of the contract.    The only object of that would be that its terms might be carried out. 2. REFORMATION OF INSTRUMENTS. But defendants had disposed of the property in 1901, so that the performance on their part was impossible.    The only remedy available was a money judgment, which the court rendered for the correct amount. — *Affirmed.*